**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MIGUELINA C. LUCIANO-CRUZ

    Plaintiff,

v.

MUNICIPIO DE SAN JUAN, et al.

    Defendants.

CIVIL NO. 09-1720 (GAG)

**MEMORANDUM OPINION & ORDER**

Miguelina C. Luciano-Cruz ("Plaintiff") commenced this action against the Municipality of San Juan (the "Municipality"), Jorge Santini, in his official capacity as Mayor of San Juan, and Hector Yambo ("Yambo"), in his personal and official capacity, alleging acts of sexual harassment and seeking money damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Plaintiff also invokes the pendent jurisdiction of the court to adjudicate claims under Puerto Rico state laws: Law No. 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, §§ 146 *et. seq.*; Law No. 69 of July 6, 1985 ("Law 69"), P.R. Laws Ann. tit. 29, §§ 1321 *et seq.*; Law No. 17 of April 22, 1988 ("Law 17"), P.R. Laws Ann. tit. 29, §§ 155 *et seq.*; and Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 & 1803"), P.R. Laws Ann. tit. 31, §§5141-42.

Presently before the court is the Municipality's motion for summary judgment (Docket No. 50). Plaintiff filed an opposition to this motion (Docket No. 62) which was controverted by the Municipality's reply brief (Docket No. 72). Plaintiff filed a corresponding sur-reply and motion to strike (Docket No. 76). After considering these excellently redacted pleadings and the pertinent law, the court **DENIES** Plaintiff's motion to strike (Docket No. 76) and **GRANTS in part and DENIES in part** the Municipality's motion for summary judgment (Docket No. 50).

**I.     Factual Background**

At the time of the filing of this complaint, Plaintiff had been an employee of the Municipality for fourteen years. During the alleged incidents of sexual harassment, Plaintiff was working as an associate nurse at San Jose Elderly Care Center (the "Center") in San Juan, Puerto Rico. Around

**Civil No. 09-1720 (GAG)**

February 2007, Yambo was assigned to be the director and supervisor of the Center. On or around mid May, early June of 2007, Yambo began an alleged pattern of sexual comments and jokes towards Plaintiff and other female employees under his supervision. There were also various documented incidents of physical sexual harassment in the office.

On June 15, 2007, Plaintiff spoke to Gloria Ortiz[1] regarding Yambo's inappropriate conduct. Gloria Ortiz informed Plaintiff that someone would speak to Yambo about his actions. Maria Teresa Diaz[2] spoke to Yambo about the incidents and informed him that he needed to stop this behavior. Following this reprimand, the harassment against Plaintiff lessened, however the alleged acts of sexual harassment against other female employees continued.

On January 31, 2008, Plaintiff reported new incidents of harassment to Carmen Perez Texidor[3]. These incidents occurred on January 25 and 28, 2008. These incidents were reported to Maria Luisa Rivera Echevarria[4]. A formal report was written and on February 8, 2008 the Municipality ordered an investigation based on the written complaint filed by Plaintiff. On February 11, 2008, Yambo was transferred to another facility. Plaintiff filed a complaint for sexual harassment with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2008.

**II.    Plaintiff's Title VII Claim**

With respect to Plaintiff's Title VII claims, the Municipality moves for summary judgment

---

[1] Supervisor of the social workers for the Elderly Services Program of the Municipality of San Juan.

[2] Director of the Elderly Services Program of the Municipality of San Juan.

[3] Assistant to Maria Teresa Diaz.

[4] Deputy Director for the Department of the Family and the Community for the Municipality of San Juan.

**Civil No. 09-1720 (GAG)**

on two grounds: (1) it alleges that Plaintiff's allegations of sexual harrasment that occurred in May and June of 2007 are time barred and thus the Municipality cannot be liable for any damage resulting from these incidents; and (2) there is no vicarious liability flowing from the remaining incidents as the Municipality acted in a timely manner to prevent further harassment from occurring.

Under Title VII, a person seeking remedy from employment discrimination is required to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged incident. See Sampayo-Garraton v. Rave. Inc., 726 F. Supp. 18, 20 (D.P.R. 1989). It is uncontested that Plaintiff filed her charge with the EEOC on August 8, 2008. Therefore, Plaintiff's allegations of harassment occurring in May and June of 2007 would be time-barred unless the claims were equitably tolled. The continuing violation theory "allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is some violation within the statute of limitations period that anchors the earlier claims." O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001) (internal quotations omitted). Thus, Plaintiff's filing of her administrative charge would be timely if she is able to establish a continuing violation.

To support its first argument, the Municipality contends that there is no evidence of acts of sexual harassment between the dates of June 2007 and January 2008, and thus no grounds to allege a continuing violation. However, after considering the evidence, the court disagrees with the Municipality's conclusion. In general, a plaintiff may recover on a theory of hostile work environment when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Thus, the comments and acts constituting the hostile working environment need not be directed at Plaintiff to establish such an environment. See Vinson v. Taylor, 753 F.2d 141, 146 (D. C. Cir. 1985) (stating that "evidence tending to show [defendant's] harassment of other women working alongside [plaintiff] is directly relevant to the question whether he created an environment violative of Title

**Civil No. 09-1720 (GAG)**

VII."); see also Hall v. Gus Constr. Co., Inc., 842 F.2d 1010, 1014-15 (8th Cir. 1988) (holding that "evidence of sexual harassment directed at employees other than the plaintiff is relevant to show a hostile work environment."). The Municipality's investigation resulted in findings that Yambo made inappropriate sexual remarks to both Plaintiff as well as other employees in June, July, September, and October of 2007. (See Docket No. 66-25 at 2.) Furthermore, deposition testimony of other witnesses describes an environment permeated by comments of a sexual nature throughout the relevant period. (See Docket Nos. 60-14 at 4; 69-3 at 12-14.) In light of these showings, Plaintiff has presented sufficient evidence for a jury to conclude that the alleged hostile work environment persisted during this period, and thus, could establish a continuing violation.

The Municipality also contends that it cannot be vicariously liable for Yambo's actions as it acted in a timely manner to prevent further harassment from occurring. In Burlington Industries, Inc., v. Ellerth, 524 U.S. 742, 745 (1998), the Supreme Court held that an employer is subject to vicarious liability for its employee's actions unless it can prove that: (1) it exercised reasonable care to prevent and correct promptly any harassing behavior; and (2) the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise.

In light of Plaintiff's evidence, the court finds that a genuine issue of material fact precludes summary judgment as to this issue as well. According to the evidence presented, Plaintiff complied with the stated policy by reporting the incidents of sexual harassment in June 2007 to Gloria Ortiz, and in January of 2008 to Carmen Perez Texidor. There is also evidence that Maria Teresa Diaz and Maria Luisa Echevarria were aware of other incidents of sexual harassment committed by Yambo prior to February 8, 2008, but failed to take the required actions to prevent further harassment from occurring. (See Docket Nos. 69-5 at 25-27; 69-2 at 13, L. 2-19.) The corrective actions, which included transferring Yambo and ultimately terminating his employment, were not implemented until February 8, 2008. As conflicting evidence has been presented regarding Plaintiff's efforts to report the incidents and the reasonableness of the Municipality's actions, the court is unable to rule as a matter of law that the Ellerth defense applies in this case. Accordingly, the court **DENIES** the

**Civil No. 09-1720 (GAG)**

Municipality's motion for summary judgment on Plaintiff's Title VII claim.

**III.    Plaintiff's Local Law Claims**

The Municipality also moved for summary judgment on Plaintiff's local law discrimination claims. With regard to Plaintiffs claim under Law 17, the same genuine issues of material fact as previously discussed precludes the court from granting summary judgment as to this claim. The court also finds Plaintiff's Law 69 claim to be applicable to the claims alleged in this case. Law 69 prohibits discrimination with respect to an employee's terms or working conditions.   P.R. Laws Ann. tit. 29, § 146.  The alleged existence of a hostile work environment is considered such a form of discrimination.  See Harris, 510 U.S. at 21  (A hostile work environment claim exists where a "workplace is permeated with 'discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment. . . .") (internal quotations omitted).  Accordingly the court **DENIES** the Municipality's motion for summary judgment with respect to these local law claims.

As to Plaintiff's claims for punitive damages against the Municipality and its liability under Law 100, the same are **DISMISSED** as said claims are not applicable to municipalities.  See 42 U.S.C. § 1981a (b)(1); Perez Gonzalez v. Municiaplity of Anasco, 769 F. Supp. 2d 52, 65 (D.P.R. 2010).

**SO ORDERED.**

In San Juan, Puerto Rico this 26th day of September, 2011.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge